**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISIONAL OFFICE**
**AT MEMPHIS**

MAYURI MORRISON, )
)
Plaintiff, )
)
v. ) Civil Action No. ________________
)
LIBERTY LIFE ASSURANCE COMPANY)
OF BOSTON, )
)
Defendant. )

**PLAINTIFF'S COMPLAINT FOR RECOVERY OF PLAN BENEFITS**
**AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

**COMES NOW**, PLAINTIFF Mayuri Morrison, and makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability benefits due under an employee benefits plan under ERISA, and for Defendant's other violations of the Employee Retirement Income Security Act of 1974 ("ERISA").

**JURISDICTION AND VENUE**

1. This Court's jurisdiction over the Plaintiff's claim for long term disability benefits is invoked under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and under the express jurisdiction found in the ERISA statute under 29 U.S.C. § 1132(e) (ERISA § 5-2(e)).
2. Plaintiff's claims "relate to" an "employee welfare benefits plan" or "plans" as defined by ERISA, 29 U.S.C. § 1001 *et seq*., and The Group Long Term Disability Plan for Employees of Orgill, Inc. constitutes a "plan under ERISA."

3. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2569.503-1, provide a mechanism for administrative or internal appeal of benefit denials.
4. In this case, the aforementioned avenues of approval have been exhausted and this matter is now properly before this Court for judicial review.
5. Venue is proper within the Western District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2).

**PARTIES**

6. Plaintiff alleges upon information and belief that The Group Long Term Disability Plan for Employees of Orgill, Inc. (hereinafter "Plan"), funded by Liberty Life Assurance Company of Boston (hereinafter "Liberty Life") Policy GF3-850-290458-01 is and at all relevant times was, an "employee welfare benefit plan" as defined by ERISA.
7. Plaintiff alleges upon information and belief that Defendant Liberty Life is the party obligated to determine eligibility for long term disability (hereinafter "LTD") benefits under the Plan, and the party responsible for paying benefits to claimants found disabled under the Plan.
8. Liberty Life insures the benefits due under the Plan and is the party obligated to pay any benefits owed to Plaintiff by the Plan.
9. Liberty Life is an insurance company authorized to transact the business of insurance in this state and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

**FACTS**

10. Plaintiff is a resident of the City of Arlington, County of Shelby, State of Tennessee.

11. Defendant Liberty Life is the entity responsible for processing claims and adjudicating appeals under the Plan.

12. The Plaintiff was employed by Orgill, Inc. as an International Sales Support and Logistics Administrative Manager in the City of Collierville, County of Shelby, State of Tennessee, and was thereby a participant or beneficiary of the Plan and is covered by the policy that provides benefits under the Plan.

13. The Plaintiff ceased work on or about September 8, 2016, due to a disability while covered under the Plan.

14. The Plan is fully insured by Liberty Life under Group Policy GF3-850-290458-01.

15. The Plaintiff was paid LTD benefits from February 15, 2017 through March 15, 2018.

16. The Plaintiff has been and continues to be disabled as defined by the provisions of the Plan.

17. Liberty Life refused to pay additional LTD benefits to Plaintiff despite being provided with evidence of Plaintiff's permanent disability stemming from, *inter alia*, chronic migraine headaches, with accompanying chronic pain, fatigue and diminished concentration and memory.

18. The Plaintiff timely submitted medical evidence to Liberty Life in support of her claim for LTD benefits and requested that a favorable decision be made on her claim.

19. Nevertheless, Liberty Life denied the claim on March 16, 2018, the Plaintiff timely appealed the denial, Liberty Life issued its final denial on June 14, 2018, and the Plaintiff has now exhausted all administrative remedies for the claim for LTD benefits under the Plan pursuant to ERISA.

20. Plaintiff is entitled to LTD benefits as she has met the Plan's requirements, and her disability continues to prevent her from performing, with reasonable continuity, the material and substantial duties of any occupation which means any occupation Plaintiff is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.

21. The Court's standard of review for ERISA claims is *de novo* under Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989).

22. The entity that chose to deny benefits would pay any LTD benefits due out of its own funds.

23. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

24. The entity that made the decision to deny benefits allowed its concern over its funds to influence its decision-making.

25. The Defendant insurance company has acted under a policy to take advantage of the potential applicability of ERISA to claims.

26. Liberty Life's administrative process did not provide Plaintiff with a full and fair review; by way of example, Liberty Life's denial letters did not contain the specific reasons for the denial and did not advise Plaintiff of the information Liberty Life required in order to approve her continuing benefits.

27. Having submitted her appeal, and as confirmed by Liberty Life, Plaintiff exhausted her administrative remedies.

28. Based on the terms of the insurance policy, Plaintiff's complaint is timely and is not otherwise time barred.

29. The disability insurance policy does *not* provide Liberty Life with discretionary authority.

30. At all times relative hereto, Liberty Life has been operating under an inherent and structural conflict of interest because any monthly benefits paid to Plaintiff are paid from Liberty Life's own assets with each payment depleting those same assets.

31. As the party obligated to pay benefits and the administrator given discretion in construing and applying the provisions of the disability plan and assessing Plaintiff's entitlement to benefits, Liberty Life is an ERISA fiduciary.

32. Under ERISA, a fiduciary must carry out its duties with respect to the plan solely in the interest of the participants and beneficiaries for the exclusive purpose of providing benefits to participants and their beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent individual acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

33. Liberty Life failed to satisfy its duties as articulated in paragraph 32 of this Complaint.

34. Under ERISA, a fiduciary should fully investigate the relevant and applicable facts of any claim.

35. Liberty Life failed to satisfy its duties as articulated in paragraph 34 of this Complaint.

36. Under ERISA, a fiduciary should fairly consider all information obtained regarding a claim, including that which tends to favor claim payment or continuation as well as that which tends to favor claim declination or termination.

37. Liberty Life failed to satisfy its duties as articulated in paragraph 36 of this Complaint.

38. Under ERISA, a fiduciary should consider the interests of its insured at least equal to its own and to resolve undeterminable issues in its insured's favor.

39. Liberty Life failed to satisfy its duties as articulated in paragraph 38 of this Complaint.
40. Under ERISA, a fiduciary has the obligation to read, interpret and understand all of the pertinent medical information with sufficient clarity so as to be able to make a fair, objective and thorough evaluation of its insured's claims for disability benefits.
41. Liberty Life failed to satisfy its duties as articulated in paragraph 40 of this Complaint.
42. Under ERISA, a fiduciary's denial of a claim should not be based on speculation.
43. Liberty Life failed to satisfy its duties as articulated in paragraph 42 of this Complaint.
44. Under ERISA, a fiduciary should be objective in its assessment of facts and not attempt to bias the claims investigation process in any manner.
45. Liberty Life failed to satisfy its duties as articulated in paragraph 44 of this Complaint.
46. Under ERISA, a fiduciary should not take into consideration the amount of money it would save if a particular claim or set of claims is denied, terminated, or otherwise not paid.
47. Liberty Life failed to satisfy its duties as articulated in paragraph 46 of this Complaint.
48. Under ERISA, a fiduciary should refrain from excessive reliance on in-house medical staff to support the denial, termination, or reduction of benefits.
49. Liberty Life failed to satisfy its duties as articulated in paragraph 48 of this Complaint.
50. Under ERISA, a fiduciary should not conduct unfair evaluation and interpretation of attending physicians' or independent medical examiners' reports.
51. Liberty Life failed to satisfy its duties as articulated in paragraph 50 of this Complaint.
52. Under ERISA, a fiduciary should evaluate the totality of its insured's medical conditions.
53. Liberty Life failed to satisfy its duties as articulated in paragraph 52 of this Complaint.

54. Under ERISA, a fiduciary has an obligation to conduct a fair, thorough, and objective review.

55. Liberty Life failed to satisfy its duties as articulated in paragraph 54 of this Complaint.

56. If disabled pursuant to the terms of the policy, Plaintiff, who was paid benefits from February 15, 2017 through March 15, 2018, is entitled to a minimum benefit from March 16, 2018 through August 15, 2027, as her gross long term disability benefit of $2,944.59 per month is offset by her monthly Social Security disability benefit or primary insurance amount of $2,093.00 as well as auxiliary benefits, and then a net long term disability benefit of $851.59 from August 16, 2027 (with the auxiliary benefits lift) to March 29, 2039, such that she is entitled to $634.89 in back benefits, $80,572.94 in future benefits (using 3.50% to discount to net present value), minus an overpayment $27,209.00, for a total long-term disability benefit of $53,998.83.

**CAUSE OF ACTION**
**FOR PLAN BENEFITS AGAINST DEFENDANT**
**PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

PLAINTIFF incorporates all the allegations contained in paragraphs 1 through 56 as if fully stated herein and says further that:

57. Under the terms of the Plan, Defendant agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined in the LTD portion of the Plan.

58. Plaintiff is disabled under the terms of the Plan.

59. Defendant failed to provide benefits due under the LTD portion of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

60. The decision to deny benefits was wrong under the terms of the Plan.

61. The decision to deny benefits and decision-making process were arbitrary and capricious.

62. The decision to deny benefits was not supported by substantial evidence in the record.

63. The decision-making process did not provide a reasonable opportunity to the Plaintiff for a full and fair review of the decision denying the claim, as is required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1.

64. The appellate procedures did not provide the Plaintiff a full and fair review.

65. As an ERISA fiduciary, the Defendant owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

66. The Defendant violated the fiduciary duties it owed the Plaintiff.

67. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the Plan, and continued benefits payable when the Plaintiff remains disabled under the terms of the Plan.

68. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF requests that this Court grant her the following relief in this case:

1. A finding in favor of Plaintiff against Defendant;
2. Damages in the amount equal to the disability income benefits to which she was entitled though the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);
3. Prejudgment and post-judgment interest;
4. An Order requiring the Plan or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan;
5. Plaintiff's reasonable attorney fees and costs; and
6. Such other relief as this Court deems just and proper.

Dated this 26th day of September, 2018.

Respectfully submitted,

BY: /s/D. Seth Holliday
D. SETH HOLLIDAY (# 023136)
**MCMAHAN LAW FIRM, LLC**
700 S. Thornton Avenue
P.O. Box 1607
Dalton, Georgia 30722
(706) 217-6118
sholliday@mcmahanfirm.com

*Attorneys for Plaintiff*