**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISIONAL OFFICE**
**AT MEMPHIS**

| | | |
|---|---|---|
| **MAYURI MORRISON,** | ) | |
| | ) | CIVIL ACTION NO. 2:18cv02677-TLP-cgc |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Thomas L. Parker |
| | ) | |
| **LIBERTY LIFE ASSURANCE** | ) | |
| **COMPANY OF BOSTON,** | ) | Chief Magistrate Judge Charmiane G. Claxton |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Mayuri Morrison ("Plaintiff"), and states as follows:

**JURISDICTION AND VENUE**

1. Liberty Life admits that Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA") under the jurisdiction of this Court under 28 U.S.C. § 1331. Liberty Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Liberty Life admits that Plaintiff's claims are governed by ERISA. To the extent that Paragraph 3 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Liberty Life admits that Plaintiff's claims are governed by ERISA. To the extent that Paragraph 3 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Liberty Life admits that venue of this action is proper in this Court. To the extent that Paragraph 5 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

## PARTIES

6. Liberty Life admits Plaintiff's claims are governed by ERISA. Liberty Life admits Plaintiff was, at certain times, employed by Orgill, Inc. ("Orgill") and was, at certain times, a participant in the Orgill, Inc. Long Term Disability Plan ("the Plan"). Liberty Life admits it issued Group Disability Income Policy No. GF3-850-290458-01 (the "Policy") to Orgill, which Policy, at certain times, insured benefits paid by the Plan. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Liberty Life admits it issued the Policy to Orgill, which Policy, at certain times, insured benefits paid by the Plan. Liberty Life admits it was, at certain times, the claims administrator of the Plan for claims under the Policy. Liberty Life specifically denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Liberty Life admits it issued the Policy to Orgill, which Policy, at certain times, insured benefits paid by the Plan, including the benefits claimed by Plaintiff in this action. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Liberty Life admits it is an insurance company and is lawfully authorized to do business in Tennessee. Liberty Life admits that it was properly served in this action. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Petition.

## FACTS

10. Liberty Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

11. Liberty Life admits it issued the Policy to Orgill, which Policy, at certain times, insured benefits paid by the Plan. Liberty Life admits it was, at certain times, the claims administrator of the Plan for claims under the Policy. Liberty Life specifically denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Liberty Life admits Plaintiff was, at certain times, employed as an International Sales and Logistics Administrative Manager by Orgill in Collierville, Tennessee, and that Plaintiff was, at certain times, a participant in the Plan. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Liberty Life admits Plaintiff's last day at work at Orgill was September 7, 2016. Liberty Life admits Plaintiff was, at certain times, a participant in the Plan. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Liberty Life admits it issued the Policy to Orgill, which Policy, at certain times, insured benefits paid by the Plan. Liberty Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Liberty Life admits Plaintiff received, at certain times, benefits from the Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Liberty Life admits it sent a letter to Plaintiff dated March 16, 2018, but Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Liberty Life admits it sent a letter to Plaintiff dated March 16, 2018, but Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life admits it received

an appeal of Liberty Life's decision regarding Plaintiff's claim for benefits from the Plan under the Policy, which appeal, along with additional documentation, is contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits it sent a letter to Plaintiff dated June 14, 2018, but Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Liberty Life denies all allegations contained in Paragraph 20 of the Complaint.

21. Liberty Life denies all allegations contained in Paragraph 21 of the Complaint.

22. Liberty Life admits it issued the Policy to Orgill, which Policy, at certain times, insured benefits paid by the Plan. Liberty Life admits it was, at certain times, the claims administrator of the Plan for claims under the Policy, but Liberty Life specifically denies it was the plan administrator of the Plan. Liberty Life further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy and that such decisions are governed by the terms of the Policy. Liberty Life denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Liberty Life admits it issued the Policy to Orgill, which Policy, at certain times, insured benefits paid by the Plan. Liberty Life admits it was, at certain times, the claims administrator of the Plan for claims under the Policy, but Liberty Life specifically denies it was the plan administrator of the Plan. Liberty Life further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy and that such decisions are governed by the terms of the Policy. Liberty Life denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Liberty Life denies all allegations contained in Paragraph 24 of the Complaint.

25. Liberty Life denies all allegations contained in Paragraph 25 of the Complaint.

26. Liberty Life denies all allegations contained in Paragraph 26 of the Complaint.

27. Liberty Life admits it received an appeal of the denial of Plaintiff's claim for further benefits from the Plan under the Policy. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Liberty Life admits that this action was filed approximately 6.5 months after Liberty Life's March 16, 2018, letter to Plaintiff. Liberty Life denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. Liberty Life denies all allegations contained in Paragraph 29 of the Complaint.

30. Liberty Life admits it issued the Policy to Orgill, which Policy, at certain times, insured benefits paid by the Plan. Liberty Life admits it was, at certain times, the claims administrator of the Plan for claims under the Policy, but Liberty Life specifically denies it was the plan administrator of the Plan. Liberty Life further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy and that such decisions are governed by the terms of the Policy. Liberty Life denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. To the extent that Paragraph 31 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. To the extent that Paragraph 32 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Liberty Life denies all allegations contained in Paragraph 33 of the Complaint.

34. To the extent that Paragraph 34 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Liberty Life denies all allegations contained in Paragraph 35 of the Complaint.

36. To the extent that Paragraph 36 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Liberty Life denies all allegations contained in Paragraph 37 of the Complaint.

38. To the extent that Paragraph 38 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Liberty Life denies all allegations contained in Paragraph 39 of the Complaint.

40. To the extent that Paragraph 40 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Liberty Life denies all allegations contained in Paragraph 41 of the Complaint.

42. To the extent that Paragraph 42 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Liberty Life denies all allegations contained in Paragraph 43 of the Complaint.

44. To the extent that Paragraph 44 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Liberty Life denies all allegations contained in Paragraph 45 of the Complaint.

46. To the extent that Paragraph 46 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Liberty Life denies all allegations contained in Paragraph 47 of the Complaint.

48. To the extent that Paragraph 48 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Liberty Life denies all allegations contained in Paragraph 49 of the Complaint.

50. To the extent that Paragraph 50 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Liberty Life denies all allegations contained in Paragraph 51 of the Complaint.

52. To the extent that Paragraph 52 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Liberty Life denies all allegations contained in Paragraph 53 of the Complaint.

54. To the extent that Paragraph 54 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. Liberty Life denies all allegations contained in Paragraph 55 of the Complaint.

56. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life admits Plaintiff received, at certain times, benefits from the Plan under the Policy. To the extent Plaintiff attempts to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 56 of the Complaint.

**CAUSE OF ACTION**
**FOR PLAN BENEFITS AGAINST DEFENDANT**
**PURSUANT TO 29 U.S.C. § 1132(A)(1)(B)**

Liberty Life incorporates its responses to Paragraphs 1-56 by reference as if fully set forth herein.

57. Liberty Life admits Plaintiff was, at certain times, a participant in the Plan. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Liberty Life refers to the Policy itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Liberty Life denies all allegations contained in Paragraph 58 of the Complaint.

59. Liberty Life denies all allegations contained in Paragraph 59 of the Complaint.

60. Liberty Life denies all allegations contained in Paragraph 60 of the Complaint.

61. Liberty Life denies all allegations contained in Paragraph 61 of the Complaint.

62. Liberty Life denies all allegations contained in Paragraph 62 of the Complaint.

63. Liberty Life denies all allegations contained in Paragraph 63 of the Complaint.

64. Liberty Life denies all allegations contained in Paragraph 64 of the Complaint.

65. To the extent that Paragraph 65 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. Liberty Life denies all allegations contained in Paragraph 66 of the Complaint.

67. Liberty Life denies all allegations contained in Paragraph 67 of the Complaint.

68. Liberty Life denies all allegations contained in Paragraph 68 of the Complaint.

69. Liberty Life denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Liberty Life denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the Plan under the Policy was an abuse of discretion because the Policy and relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Liberty Life is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which require offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Liberty Life reserves the right to assert additional defenses.

## PRAYER

Liberty Life requests that the Court enter judgment that Plaintiff recovers nothing by this action; that Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Liberty Life be awarded such other and further relief to which it may show itself entitled.

Dated this 19th day of November 2018.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY
LIFE ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was served upon all known counsel of record via the Court's ECF Mail System upon the following:

D. Seth Holliday, Esq.
Email: sholliday@mcmahanfirm.com

November 19, 2018 /s/ Iwana Rademaekers
Date Iwana Rademaekers