**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISIONAL OFFICE**
**AT MEMPHIS**

| | | |
|---|---|---|
| MAYURI MORRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:18-cv-02677-TLP-cgc |
| | ) | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY PLANNING REPORT**
**AND DISCOVERY SCHEDULE**

Now come MAYURI MORRISON ("Plaintiff") and Defendant LIBERTY LIFE ASSURANCE COMPNAY OF BOSTON ("Liberty Life"), and submit the following pursuant to Local Rule 16.2:

**1. Description of Case:**

**(a) Describe briefly the nature of this action:**

Plaintiff brought this action to recover long-term disability ("LTD") benefits under a plan Plaintiff calls the Orgill, Inc., Long Term Disability Plan (Plan), an employee welfare benefit plan sponsored and maintained by Orgill, Inc., and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* Plaintiff also seeks attorney's fees and costs under 29 U.S.C. § 1132(g). Liberty Life denies Plaintiff's claims, denies that

Plaintiff is entitled to any of the relief requested, and requests an award of the costs and fees incurred in defending this action. The parties currently disagree as to whether the applicable standard of review in this case is arbitrary and capricious or *de novo* and if the matter is not resolved they will brief the issue as part of their dispositive motions.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence**.

Plaintiff's Summary:

Plaintiff was an employee of Orgill, Inc., and a participant in the Plan. LTD benefits under the Plan are funded by Group Policy Number GF3-850-290458-01 ("Policy"), issued by Liberty Life to Orgill, Inc. Plaintiff ceased work due to a disability on September 8, 2016. Liberty Life paid LTD benefits to Plaintiff from February 15, 2017 through March 15, 2018, and thereafter, determined that Plaintiff was not "totally disabled" as defined by the Policy and the Plan, and no further benefits were payable. This lawsuit involves the denial of LTD benefits.

Defendant's Summary:

Plaintiff was an employee of Orgill, Inc., and a participant in the Plan. Plaintiff ceased work on September 8, 2016, claiming disability. Some benefits were paid and then those payments were terminated. Plaintiff submitted an administrative appeal. Upon completing a full and fair review, Liberty Life provided Plaintiff with written notice that the adverse benefits determination was

upheld. Plaintiff then brought suit seeking additional LTD benefits. Liberty Life denies that Plaintiff is entitled to any additional LTD benefits.

**(c) The legal issues to be tried are as follows:**

**Plaintiff's Statement of the Issues:**

(1) Whether Liberty Life's adverse benefits determination was wrong under either a *de novo* or arbitrary and capricious standard of review?

(2) Whether Plaintiff can recover attorney's fees under 29 U.S.C. § 1132(g)?

**Defendant's Statement of the Issues**:

(1) Whether Liberty Life's adverse benefits determination was arbitrary and capricious; and

(2) Whether either party may recover attorney's fees.

**(d) The cases listed below (include both style and action number) are:**

(1) Pending Related Cases: None.

(2) Previously Adjudicated Related Cases: None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):** Not applicable.

_______(1) Unusually large number of parties

_______(2) Unusually large number of claims or defenses

_______(3) Factual issues are exceptionally complex

_______(4) Greater than normal volume of evidence

_______(5) Extended discovery period is needed

_______(6) Problems locating or preserving evidence

_______(7) Pending parallel investigations or action by government

_______(8) Multiple use of experts

_______(9) Need for discovery outside United States boundaries

_______(10) Existence of highly technical issues and proof

The parties agree that this matter is not complex, and is a standard ERISA governed claim for benefits. The parties agree further that this matter can be disposed of on the parties' respective dispositive motions.

**3. Counsel**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

For Plaintiff:

D. Seth Holliday
McMahan Law Firm, LLC
700 S. Thornton Avenue
P.O. Box 1607
Dalton, GA 30722
(706) 217-6118 (telephone)
(706) 217-6880 (facsimile)
sholliday@mcmahanfirm.com

For Defendant:

Iwana Rademaekers
Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road, Suite 550

Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Direct: (214) 564-9542
iwana@rademaekerslaw.com

**4. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

( ) Yes ( x ) No

If "yes," please attach a statement not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to this Action:**

(a) The following persons are necessary parties who have not been joined: None.

(b) The following persons are improperly joined as parties: None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: None.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

List separately any amendments to the pleadings which the parties anticipate will be necessary: None.

**7. Filing Times for Motions**

(a) *Motions to Compel*: Unless otherwise ordered by the Court, a motion to compel must be filed prior to the close of discovery or, if longer, within 14 days after service of the disclosure or discovery response upon which objection is based.

(b) *Summary Judgment Motions*: Plaintiff has filed an action challenging a denial of disability insurance benefits arising under an insurance policy issued by Defendant. Plaintiff seeks all available relief. Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Defendant denies Plaintiff is entitled to any relief. A jury trial is not permitted in this civil action under ERISA. Further, trials are uncommon in ERISA benefit claims. Rather, the Court reviews only the evidence before the claims decision-maker at the time the final decision to deny benefits was made. This case should be decided on dispositive motions filed by the parties.

The Parties agree that the more appropriate vehicle for deciding an ERISA benefits case is by a Rule 52 Motion for Judgment on the Administrative Record. Accordingly, the parties shall file their Cross Motions for Judgment on the Administrative Record by **July 1, 2019**.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

Defendants contend that this case is exempt from the initial disclosure requirements under Fed. R. Civ. P. 26(a)(1) pursuant to Local Rule 26(c)(2) and Fed. R. Civ. P. 26(a)(1)(E)(i) because it is "an action for review on an administrative record." The parties have agreed to waive the initial disclosure requirement, and Liberty Life has agreed to produce a bates-labeled copy of the relevant LTD administrative record in lieu of initial disclosures. Liberty Life shall produce the administrative record to the Plaintiff and file it under seal with the Court on or before **January 31, 2019**. The parties contend that the administrative record should be filed under seal to preserve certain matters of privacy and confidentiality on behalf of both parties.

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a conference at this time.

**10. Discovery Period**

The discovery period commences 30 days after the appearance of the first defendant by answer to the complaint and ends on **May 31, 2019**.

Please state below the subjects on which discovery may be needed:

By Plaintiff:

Plaintiff contends that discovery on issues of bias or violations of due process is permitted under the Rules of Civil Procedure in an ERISA case. Moreover, it is Plaintiff's position that such discovery can be obtained without the Plaintiff having to provide an initial, specific showing of bias or some procedural irregularity on the part of the decision-maker.

By Defendants:

It is Defendant's position that because Plaintiff's claim is for ERISA plan benefits, where the claims administrator has discretionary authority to interpret and apply the terms of the Plan and make benefits determinations, the only evidence to be properly considered by the Court on Plaintiff's claim is (1) the administrative record before the claims administrator at the time its final determination was made and (2) the pertinent plan documents. As such, discovery on Plaintiff's claim beyond these categories of evidence should only permitted upon a showing of good cause, and then should be narrowly tailored to the issues for which good cause is shown.

**11. Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

See section 10, *supra.*

Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration. In particular, answer the following questions:

**a.** ESI. Is either party seeking the discovery of ESI in this case? x Yes □ No

If disputed, identify the nature of the dispute: Defendant contends that because this is an ERISA governed claim for benefits, discovery should be limited to the contents of the administrative record, which Defendant will produce to Plaintiff by January 31, 2019.

**b.** Metadata: Will any metadata be relevant in this case? □ Yes x No

If yes, with respect to what ESI ________________________________

If disputed, identify the nature of the dispute ________________________

**c.** Format. Have the parties agreed on the format(s) for production of ESI?
x Yes (.pdf) □ No

If no, what disputes remain outstanding ______________________________

**d.** Search terms. Have the parties agreed on any protocol for review of electronic data? □ Yes x No

If yes, please describe __________________________________________

If no, please identify what issues remain outstanding: Plaintiff anticipates requesting information about, *inter alia*, Defendants' claim procedures and certain financial information, which is likely to be stored electronically by Defendants. Defendants contend that this would be beyond the scope of permissible discovery absent a showing of good cause.

**e.** Accessibility. Have the parties agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B)? □ Yes x No

If no, please identify the nature of the dispute: Defendant contends that because this is an ERISA governed claim for benefits, discovery should be limited to the contents of the administrative record, which Defendant will produce to Plaintiff by January 31, 2019.

**f.** Preservation. Are there any unresolved issues pertaining to the preservation of ESI? If so, please describe: none.

**g.** Other. Identify all outstanding issues or disputes concerning ESI: none.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties anticipate that Defendant will seek one or more protective orders pursuant to Fed. R. Civ. P. 26(c) prohibiting discovery related to the ERISA claim.

**13. Settlement Potential:**

(a) Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **December 20, 2018**, and that they participated in settlement discussions.

(b) All parties were promptly informed of all offers of settlement following discussion by all counsel, it appears that there is now:

( x) A possibility of settlement before discovery.

( ) A possibility of settlement after discovery.[1]

( ) A possibility of settlement, but a conference with the judge is needed.

(__) No possibility of settlement.

(c) Counsel ( x ) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is undetermined at this time.

(d) The following specific problems have created a hindrance to settlement of this case:

None.

**14. Trial by Magistrate Judge:**

[1] Defendant states that because this is an ERISA governed claim for benefits, discovery should be limited to the contents of the administrative record, which Defendant will produce to Plaintiff by January 31, 2019.

(a) The parties ( ) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court this day of _______________, 2018.

(b) The parties ( x ) do not consent to having this case tried before a magistrate judge of this court.

This 15th day of January, 2019.



| | |
|---|---|
| *s/D. Seth Holliday*<br>D. Seth Holliday<br>McMahan Law Firm, LLC<br>700 S. Thornton Avenue<br>P.O. Box 1607<br>Dalton, GA 30722<br>(706) 217-6118 (telephone)<br>(706) 217-6880 (facsimile)<br>sholliday@mcmahanfirm.com | *s/Iwana Rademaekers*<br>Iwana Rademaekers<br>Law Offices of Iwana Rademaekers, P.C.<br>14785 Preston Road, Suite 550<br>Dallas, Texas 75254<br>Main: (214) 579-9319<br>Fax: (469) 444-6456<br>Direct: (214) 564-9542<br>iwana@rademaekerslaw.com |